**Samuel Ray MOON and wife, Billie Wright Moon, Petitioners-Appellees,**

v.

**Terri Jean Jordan MOON, Respondent-Appellant,**

and

**Charles B. Yetter and wife, Ruth Yetter, Intervening Petitioners-Appellants.**

Court of Appeals of Tennessee, Middle Section.

June 29, 1981.

Certiorari Denied by Supreme Court Sept. 28, 1981.

James W. Rutherford, Nashville, for petitioners-appellees.

Ashley T. Wiltshire, Legal Services of Middle Tennessee, Nashville, for respondent-appellant.

Muriel Robinson and Phillip Robinson, Nashville, for intervening petitioners-appellants.

ABRIDGED OPINION

TODD, Presiding Judge Middle Section.

(Filed with concurrences of participating judges).

This appeal involves the custody of Terese Nichole Moon, born July 31, 1978,

768

the natural child of John Allen Moon, deceased January 4, 1980, and Terri Jean Jordan Moon. Following the death of the father on January 4, 1980, Samuel and Billie Moon, paternal grandparents, instituted this suit in the Circuit Court to remove legal custody of the child from the mother, Terri Jean Jordan Moon, to the paternal grandparents.

Charles B. and Ruth Yetter filed an intervening petition stating that they were the parents of Terri Jean Moon and seeking custody of the child.

On April 24, 1980, the Trial Judge decreed *temporary custody* of the child to Mr. and Mrs. Moon, the paternal grandparents, with "liberal visitation rights in Davidson County, Tennessee."

On June 5, 1980, the Trial Judge allowed the mother visitation rights at the home of her parents (Mr. and Mrs. Yetter) at Milton, Florida under a $1,000 bond to return the child to Mr. and Mrs. Moon.

On August 19, 1980, after a full evidentiary hearing, the Trial Judge filed a memorandum containing the following:

... the Court is of the opinion that the minor child should be placed in the custody of Samuel Ray Moon and wife Billie Wright Moon. Certainly the natural mother shall have regular rights of visitation with the child ....

On September 10, 1980, an order was entered implementing the memorandum.

On September 30, 1980, in response to a motion for findings of fact, the Trial Judge entered an order containing the following:

... the court specifically finds that the natural mother, Terri Jean Jordan Moon was not a proper person to have custody of the minor child based on the facts presented to the court at the hearing of this cause and upon the court's finding that the natural mother exposed the minor child to a nudist resort which environment the court believes to be detrimental to the health and well-being of the minor child. The court further finds in regards to the intervening petitioners, Ruth and Charles Yetter that they are

not the proper persons to have custody of the minor child in that they own and operate and actively participate in the Sunburst Nudist Camp Resort located adjacent to their home and it is the opinion of the Court that by placing the child in the custody of the intervening petitioners the court would in effect be returning the child to the natural mother and allowing the child to be exposed to a nudist environment which the court believes to be detrimental to the welfare of the minor child. The proof further showed that natural mother prior to the time child was taken by the police was living in an apartment with two men and one or more of the men was using marijuana and the situation was such that the police took the child to the Juvenile Court on an emergency situation. It further appeared to the court from the facts introduced that the natural mother did not obey the orders of the court in that she failed to return the child once until her attorney pleaded with her to do so, and she did not permit visitation privileges with the natural paternal grandparents as ordered by the court. Based upon the findings it is the opinion of the court that the custody of the minor child should be placed in the petitioners Samuel Ray Moon and wife Billie Wright Moon, as the persons most likely to carefully take care of and rear this minor child.

The natural mother and the intervening petitioners, Mr. and Mrs. Yetter, have appealed from the order of September 10, 1980.

The appellants, Mr. and Mrs. Yetter, present the following issues for review.

1. Whether the Trial Court abused its discretion in denying custody to Intervening Petitioners under the facts and circumstances of this cause.

2. Whether the Trial Court abused its discretion in denying custody to Intervening Petitioner solely on the basis that the Intervening Petitioners were participating nudists.

3. Whether the Trial Court committed reversible error in excluding Intervening

Petitioners from consideration for custody of their granddaughter solely on the ground that Intervening Petitioners were participating nudists and thus violating their First and Fourteenth Amendment Freedoms.

Separate briefs have been filed and separate arguments have been heard on behalf of the mother, Terri Jean Jordan Moon, the maternal grandparents, Mr. and Mrs. Yetter and the paternal grandparents, Mr. and Mrs. Moon.

During oral argument, all counsel agreed that, since the judgment in the Trial Court, the paternal grandparents have removed from Nashville, Tennessee, to Houston, Texas because of transfer in duties of employment with the Federal government; that the mother has obtained physical custody of the infant and disappeared; and that the whereabouts of the child and mother is unknown.

In the light of the present situation, this Court considers it inappropriate to take any final action in regard to the issues.

In the first place, this Court does not consider that the interests of the child were or can be represented by counsel for any of the parties. The rights of the child can be fully protected only by court-appointed counsel independent of any partisan influence or interest of the mother or any of the grandparents.

In the next place, it is not deemed appropriate to consider the insistences of the mother whose most recent defiance of the orders of the Trial Court have placed her in a state of overt contempt.

Furthermore, it would be inappropriate to rule favorably upon the insistences of the appellants, Mr. and Mrs. Yetter, thereby awarding them custody of the child thereby, in effect, enabling the mother to have constant and court-approved access to the child in spite of the previous conduct of the mother in disregard of the welfare of the child and the orders of the Trial Court.

On April 24, 1980, the Trial Judge placed *temporary* custody in the paternal grandparents. In the final order of September 10, 1980, the Trial Judge ordered:

" . . . custody of the minor child . . . is awarded to the paternal grandparents. . . ."

The Trial Judge was in error in basing his award of permanent custody solely upon the activities of the maternal grandparents described in his memorandum. The judgment of the Court should have been based upon all factors reflecting upon the best interests and welfare of the child. For this reason, the final judgment will not be affirmed, but will be vacated and the cause will be remanded for further hearing with the participation of court-appointed counsel for the child and for further consideration of all facts and circumstances reflecting upon the best interest and welfare of the child.

It is obvious that no further hearing should or could be properly conducted unless and until the child is within the jurisdictional control of the Trial Court. This does not appear to be likely. Therefore, a further hearing and order do not appear to be likely. Nevertheless, orderly procedure directs that the controversy be placed in a posture to enable further and final disposition if circumstances ever permit.

In the meantime, the order of temporary custody dated April 24, 1980, will re- main in full force and effect until further orders of the Trial Court or any other court having competent jurisdiction. The mother will thus remain in violation of the order of the Trial Court so long as she sees fit to retain and conceal the child.

The final judgment of the Trial Court is vacated. The previous order of the Trial Court, entered on April 24, 1980, is retained in full force and effect. The cause is remanded for a rehearing of the issues consistent with this opinion at such time as such rehearing may be appropriate, and for such other proceedings as may be necessary and proper.

All costs, including costs of this appeal, are taxed against the mother, Terri Jean Jordan Moon.

Vacated and remanded.

LEWIS and CONNER, JJ., concur.